UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ENRIQUEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PORTABLE MUD SYSTEMS, INC., <br><br> Defendant. | § § § § § § § § § § § § § | No._____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Christopher Enriquez (referred to as "Plaintiff" or "Enriquez") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Portable Mud Systems, Inc. (referred to as "Defendant" or "Portable Mud Systems"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Enriquez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Portable Mud Systems violated the FLSA by employing Enriquez and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Portable Mud Systems violated the FLSA by failing to maintain accurate time and pay records for Enriquez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Enriquez brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Enriquez's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8. Enriquez is an individual who resides in Wichita County, Texas and who was employed by Portable Mud Systems during the last three years.

9. Portable Mud Systems, Inc. is a Texas corporation that may be served with process by serving its registered agent: Brandon R. Westenburg, at 4958 Rustic Trail, Midland, Texas 79707. Alternatively, if the registered agent of Portable Mud Systems, Inc. cannot with reasonable diligence be found at the company's registered office, Portable Mud Systems, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Portable Mud Systems committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Portable Mud Systems or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. Portable Mud Systems is an oilfield services company specializing in solids control for land-based oil and gas drilling operations; it does business in the territorial jurisdiction of this Court.

12. Portable Mud Systems employed Enriquez as a solid control hand from approximately October 2012 to August 2018.

13. Enriquez's primary duties were nonexempt.

14. As a solid control hand, Enriquez's principal duties were to use machines and centrifuges clear up any solid blockage so as not to disrupt the drilling operations.

15. Enriquez's primary duties did not include office or nonmanual work.

16. Enriquez's primary duties were not related to the management or general business operations of Portable Mud Systems or its customers.

17. Enriquez's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. Enriquez did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

19. Enriquez did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Enriquez was required to follow the policies, practices and procedures set by Portable Mud Systems.

21. Enriquez did not have any independent authority to deviate from these policies, practices, and procedures.

22. During Enriquez's employment with Portable Mud Systems, he was engaged in commerce or the production of goods for commerce.

23. During Enriquez's employment with Portable Mud Systems, the company had employees engaged in commerce or in the production of goods for commerce.

24. During Enriquez's employment with Portable Mud Systems, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Enriquez's employment with Portable Mud Systems, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Portable Mud Systems paid Enriquez on a salary basis.

27. During Enriquez's employment with Portable Mud Systems, he regularly worked in excess of forty hours per week. Enriquez was generally scheduled to work 84 hours per workweek and often worked more.

28. Portable Mud Systems knew or reasonably should have known that Enriquez worked in excess of forty hours per week.

29. Portable Mud Systems did not pay Enriquez overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Portable Mud Systems paid Enriquez a fixed sum of money regardless of the number of hours he worked in a workweek.

31. In other words, Portable Mud Systems paid Enriquez overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

32. Portable Mud Systems knew or reasonably should have known that Enriquez was not exempt from the overtime provisions of the FLSA.

33. Portable Mud Systems failed to maintain accurate time and pay records for Enriquez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Portable Mud Systems knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Portable Mud Systems is liable to Enriquez for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All solid control hands employed by Portable Mud Systems are similarly situated to Enriquez because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Portable Mud Systems pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Enriquez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Enriquez's employment with Portable Mud Systems, he was a nonexempt employee.

39. As a nonexempt employee, Portable Mud Systems was legally obligated to pay Enriquez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Portable Mud Systems did not pay Enriquez overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

41. Instead, Portable Mud Systems paid Enriquez a fixed sum of money regardless of the number of hours he worked in a workweek.

42. In other words, Portable Mud Systems paid Enriquez overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

43. If Portable Mud Systems classified Enriquez as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Portable Mud Systems knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Portable Mud Systems willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Enriquez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Portable Mud Systems also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

48. Enriquez adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49. On information and belief, other employees have been victimized by Portable Mud Systems' violations of the FLSA identified above.

50. These employees are similarly situated to Enriquez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Portable Mud Systems' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Enriquez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Portable Mud Systems, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All solid control hands paid a salary employed by Portable Mud Systems during the last three years.

54. Portable Mud Systems is liable to Enriquez and the other solid control hands for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Portable Mud Systems knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Enriquez and the other solid control hands their unpaid overtime wages for at least the last three years.

56. Portable Mud Systems is liable to Enriquez and the other solid control hands in an amount equal to their unpaid overtime wages as liquidated damages.

57. Portable Mud Systems is liable to Enriquez and the other solid control hands for their reasonable attorneys' fees and costs.

58. Enriquez has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

59. Enriquez demands a trial by jury.

## IX. Prayer

60. Enriquez prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Enriquez and the other solid control hands all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

    e. incentive awards for any class representative(s); and

    f. all such other and further relief to which Enriquez and the other solid control hands may show themselves to be justly entitled.

                                        Respectfully submitted,

                                        MOORE & ASSOCIATES

                                        By: /s/ Melissa Moore
                                        Melissa Moore
                                        State Bar No. 24013189
                                        Federal Id. No. 25122
                                        Curt Hesse
                                        State Bar No. 24065414
                                        Federal Id. No. 968465
                                        Lyric Center
                                        440 Louisiana Street, Suite 675
                                        Houston, Texas 77002
                                        Telephone: (713) 222-6775
                                        Facsimile: (713) 222-6739

                                        **ATTORNEYS FOR PLAINTIFF CHRISTOPHER ENRIQUEZ**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739