UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CHRISTOPHER ENRIQUEZ<br>Individually and On Behalf of All<br>Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>PORTABLE MUD SYSTEMS, INC.,<br><br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 7:18-cv-00168<br>§<br>§<br>§<br>§ |

# FIRST AMENDED ANSWER OF
# DEFENDANT PORTABLE MUD SYSTEMS, INC.

Defendant PORTABLE MUD SYSTEMS, INC. ("Defendant") files this First Amended Answer to the Original Complaint of Plaintiff Christopher Enriquez, individually and on behalf of all others similarly situated ("Plaintiff's Original Complaint") and in support thereof would show the Court as follows:

## I.
## ANSWER

1. The Fair Labor Standards Act ("FLSA) speaks for itself, and as such, Defendant is unable to admit or deny the statements and allegations in Paragraph No. 1 of Plaintiff's Original Complaint.

2. The FLSA speaks for itself, and as such, Defendant is unable to admit or deny the statements and allegations in Paragraph No. 2 of Plaintiff's Original Complaint.

3. Defendant denies the statements and allegations in Paragraph No. 3 of Plaintiff's Original Complaint.

4. Defendant denies the statements and allegations in Paragraph No. 4 of Plaintiff's Original Complaint.

5. Defendant denies the statements and allegations in Paragraph No. 5 of Plaintiff's Original Complaint.

6. Defendant admits the statements and allegations in Paragraph No. 6 of Plaintiff's Original Complaint.

7. Defendant admits the statements and allegations in Paragraph No. 7 of Plaintiff's Original Complaint.

8. Defendant, without knowledge regarding where Enriquez resides, is unable to admit or deny that Enriquez is an individual who resides in Wichita County, Texas. Defendant admits that Enriquez was employed by Portable Mud Systems during a portion of the last three years. Defendant denies the remaining statements and allegations in Paragraph No. 8 of Plaintiff's Original Complaint.

9. Defendant admits the statements and allegations in Paragraph No. 9 of Plaintiff's Original Complaint.

10. Defendant denies the statements and allegations in Paragraph No. 10 of Plaintiff's Original Complaint.

11. Defendant admits that a portion of its business is as described in Paragraph No. 11 of Plaintiff's Original Complaint.

12. Defendant admits that Enriquez was employed by Portable Mud Systems

during a portion of the period from October 2012 to August 2018. Defendants denies the remaining statements and allegations in Paragraph No. 12 of Plaintiff's Original Complaint.

13. Defendant denies the statements and allegations in Paragraph No. 13 of Plaintiff's Original Complaint.

14. Defendant denies the statements and allegations in Paragraph No. 14 of Plaintiff's Original Complaint.

15. Defendant admits that Enriquez's job duties did not include office or nonmanual work.

16. Defendant admits that Enriquez's job duties were not related to the management or general business operations of Portable Mud Systems or its customers.

17. Defendant, without knowledge of the traditional duties of nonexempt hourly workers, is unable to admit or deny the statements and allegations in Paragraph No. 17 of Plaintiff's Original Complaint.

18. Defendant denies the statements and allegations in Paragraph No. 18 of Plaintiff's Original Complaint.

19. Defendant denies the statements and allegations in Paragraph No. 19 of Plaintiff's Original Complaint.

20. Defendant admits that all employees of the company are required to follow the policies, practices and procedures set by Portable Mud Systems.

21. Defendant admits that all employees of the company are required to follow

the policies, practices and procedures set by Portable Mud Systems.   Defendant denies the remaining statements and allegations in Paragraph 21 of Plaintiff's Original Complaint.

22.     Defendant admits the statements and allegations in Paragraph No. 22 of Plaintiff's Original Complaint.

23.     Defendant admits the statements and allegations in Paragraph No. 23 of Plaintiff's Original Complaint.

24.     Defendant admits the statements and allegations in Paragraph No. 24 of Plaintiff's Original Complaint.

25.     Defendant admits the statements and allegations in Paragraph No. 25 of Plaintiff's Original Complaint.

26.     Defendant admits the statements and allegations in Paragraph No. 26 of Plaintiff's Original Complaint.

27.     Defendant denies the statements and allegations in Paragraph No. 27 of Plaintiff's Original Complaint.

28.     Defendant denies the statements and allegations in Paragraph No. 28 of Plaintiff's Original Complaint.

29.     Defendant denies the statements and allegations in Paragraph No. 29 of Plaintiff's Original Complaint.

30.     Defendant denies the statements and allegations in Paragraph No. 30 of Plaintiff's Original Complaint.

31. Defendant denies the statements and allegations in Paragraph No. 31 of Plaintiff's Original Complaint.

32. Defendant denies the statements and allegations in Paragraph No. 32 of Plaintiff's Original Complaint.

33. Defendant denies the statements and allegations in Paragraph No. 33 of Plaintiff's Original Complaint.

34. Defendant denies the statements and allegations in Paragraph No. 34 of Plaintiff's Original Complaint.

35. Defendant denies the statements and allegations in Paragraph No. 35 of Plaintiff's Original Complaint.

36. Defendant denies the statements and allegations in Paragraph No. 36 of Plaintiff's Original Complaint.

37. It is not necessary to admit or deny the statement and allegations in Paragraph No. 37 of Plaintiff's Original Complaint.

38. Defendant denies the statements and allegations in Paragraph No. 38 of Plaintiff's Original Complaint.

39. The FLSA speaks for itself, and as such, Defendant is unable to admit or deny the statements and allegations in Paragraph No. 39 of Plaintiff's Original Complaint.

40. Defendant denies the statements and allegations in Paragraph No. 40 of Plaintiff's Original Complaint.

41. Defendant denies the statements and allegations in Paragraph No. 41 of Plaintiff's Original Complaint.

42. Defendant denies the statements and allegations in Paragraph No. 42 of Plaintiff's Original Complaint.

43. Defendant denies the statements and allegations in Paragraph No. 43 of Plaintiff's Original Complaint.

44. Defendant denies the statements and allegations in Paragraph No. 44 of Plaintiff's Original Complaint.

45. It is not necessary to admit or deny the statement and allegations in Paragraph No. 45 of Plaintiff's Original Complaint.

46. The FLSA speaks for itself, and as such, Defendant is unable to admit or deny the statements and allegations in Paragraph No. 46 of Plaintiff's Original Complaint.

47. Defendant denies the statements and allegations in Paragraph No. 47 of Plaintiff's Original Complaint.

48. It is not necessary to admit or deny the statement and allegations in Paragraph No. 45 of Plaintiff's Original Complaint

49. Defendant denies the statements and allegations in Paragraph No. 49 of Plaintiff's Original Complaint.

50. Defendant denies the statements and allegations in Paragraph No. 50 of Plaintiff's Original Complaint.

51. Defendant denies the statements and allegations in Paragraph No. 51 of Plaintiff's Original Complaint.

52. Defendant denies the statements and allegations in Paragraph No. 52 of Plaintiff's Original Complaint.

53. Defendant denies the statements and allegations in Paragraph No. 53 of Plaintiff's Original Complaint.

54. Defendant denies the statements and allegations in Paragraph No. 54 of Plaintiff's Original Complaint.

55. Defendant denies the statements and allegations in Paragraph No. 55 of Plaintiff's Original Complaint.

56. Defendant denies the statements and allegations in Paragraph No. 56 of Plaintiff's Original Complaint.

57. Defendant denies the statements and allegations in Paragraph No. 57 of Plaintiff's Original Complaint.

58. Defendant is without sufficient knowledge to admit or deny the statements and allegations in Paragraph No. 58 of Plaintiff's Original Complaint and therefore denies same.

59. It is not necessary to admit or deny the statements and allegations in Paragraph No. 59 of Plaintiff's Original Complaint.

60. Defendant denies the statements and allegations in Paragraph No. 60 of Plaintiff's Original Complaint.

> (a) Defendant denies the statements and allegations in Paragraph No. 60 (a) of Plaintiff's Original Complaint.
> (b) Defendant denies the statements and allegations in Paragraph No. 60 (b) of Plaintiff's Original Complaint.
> (c) Defendant denies the statements and allegations in Paragraph No. 60 (c) of Plaintiff's Original Complaint.
> (d) Defendant denies the statements and allegations in Paragraph No. 60 (d) of Plaintiff's Original Complaint.
> (e) Defendant denies the statements and allegations in Paragraph No. 60 (e) of Plaintiff's Original Complaint.
> (f) Defendant denies the statements and allegations in Paragraph No. 60 (f) of Plaintiff's Original Complaint.

61. Any statements or allegations not explicitly admitted herein are denied.

## II.
## AFFIRMATIVE DEFENSES

1. The claims set forth in Plaintiff's Original Complaint are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to anything because Plaintiff is exempted from the FLSA's coverage.

3. Defendant pleads all applicable limitations periods, both as bars to the claims and requests for relief asserted in Plaintiff's Original Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

4. Defendant pleads that the Class members are not similarly situated and there is not sufficient identifiable acts or legal nexus to justify the certification of a collective action in this cause. Alternatively, if the Class members are similarly situated and

certification is appropriate in this case, certification of the Class members should be limited to solid control hands only.

5. Defendant denies liability to Plaintiff. Alternatively, any alleged violations by Defendant of the FLSA were not willful because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

6. Defendant denies liability to Plaintiff. Alternatively, pursuant to 29 U.S.C. §259 and other applicable law, Defendant is not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith. Additionally, pursuant to 29 U.S.C. §260 and other applicable law, Defendant cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that its actions were in compliance with the FLSA.

7. The claims set forth in Plaintiff's Original Complaint are barred, in whole or in part, by the doctrine of payment because Defendant properly compensated Plaintiff for all hours worked in accordance with the FLSA as well as any other applicable law.

8. Defendant asserts the defense that Plaintiff lacks standing to bring legal action on behalf of others or that Plaintiff has standing to sue in a representative capacity, in a collective action under the FLSA. Moreover, Plaintiff has failed to articulate or to establish the existence of similarly situated individuals or similarly situated claims necessary for action under 29 U.S.C. §216(b). Additionally, Plaintiff has failed to establish

consent of others that are not parties to this lawsuit for the Plaintiff to proceed on their behalf or for their interests or to otherwise satisfy the requirements of 29 U.S.C. §216(b). Defendant asserts the foregoing as collective defenses or, alternatively, as independent defenses to the Plaintiff's claims and lawsuit.

9. Defendant asserts the defense of vagueness or ambiguity of the Plaintiff's Original Complaint on the grounds that it fails to describe, with specificity and particularity, sufficient facts to establish Plaintiff's right and capacity to proceed with a collective action or in a representative capacity on behalf of any other person. Moreover, Plaintiff has failed to allege, with particularity or specificity, sufficient facts to establish that other similarly situated employees exist, as well as Plaintiff's right or capacity to proceed with a collective action under the FLSA.

10. To the extent that any exemption under the FLSA or regulations promulgated thereunder applies, Defendant asserts any and all such exemptions.

11. The claims of Plaintiff and any Class members are barred, in whole or in part, to the extent that Plaintiff and any Class members are not employees of Defendant as such term is defined under the FLSA.

12. The claims of Plaintiff and any Class members are barred, in whole or in part, to the extent that Defendant was not, directly or indirectly, an employer or joint employer of Plaintiff or any Class members under the FLSA.

13. The claims of opt-in Plaintiff Greg Morris ("Morris") were fully and validly released by the execution of a "Full and Final Settlement and Release Agreement and

Confidentiality Agreement" (the 'Release") between Morris and Defendant dated effective December 19, 2016.  The Release was reached due to a bona fide FLSA dispute between such parties over hours worked or compensation owed and such matters were specifically negotiated by the parties.  Morris' claims that were the subject of the Release agreement were included any and all state and federal claims made by Morris including, but not limited to, wage claims and claims for overtime pay arising as a result of Morris' employment relationship with Defendant.  Defendant fully performed its obligations under the terms of the Release and has fully paid Plaintiff Morris all agreed-upon settlement compensation for any disputed hours or compensation owed.

14. As against the claims of Plaintiff Morris, Defendant pleads the defense of payment.

15. As against the claims of Plaintiff Morris, Defendant pleads the defense of waiver.

16. As against the claims of Plaintiff Morris, Defendant pleads the defense of accord and satisfaction.

17. In the alternative, as against the claims of Plaintiff Morris, Defendant pleads that it is entitled to a credit or offset against Morris' claims for all amounts paid by Defendant to Morris under the terms of the Release.

## PRAYER

WHEREFORE, premises considered, Defendant Portable Mud Systems, Inc., requests the following relief:

a. That the Court deny Plaintiffs' claims;

b. That Plaintiffs take nothing by their suit against Portable Mud Systems, Inc.;

c. That the Court award Portable Mud Systems, Inc. its attorneys' fees incurred; and

d. That the Court award Portable Mud Systems, Inc. any other and further relief, at law or in equity, general or specific, to which it may be justly entitled.

                Respectfully submitted,

                **LYNCH, CHAPPELL & ALSUP, P.C.**
                300 North Marienfeld, Suite 700
                Midland, Texas 79701
                (432) 683-3351
                Fax (432) 683-2587

BY:   *Lisa K. Hooper*
        Lisa K. Hooper
        Texas State Bar No. 24047282
        lhooper@lcalawfirm.com

**ATTORNEY IN CHARGE FOR PORTABLE MUD SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Melissa Moore
melissa@mooreandassociates.net

Curt Hesse
curt@mooreandassociates.net

Bridget Davidson
bridget@mooreandassociates.net

                                               *Lisa K. Hooper*
                                               Lisa K. Hooper